989 F.2d 501
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank James YOUNG, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 92-6303.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1993.
 
 Before MILBURN and RYAN, Circuit Judges, and COFFIN, Senior Circuit Judge.*
 
 ORDER
 
 1
 Frank James Young, a Kentucky prisoner proceeding without benefit of counsel, appeals from the order of the district court dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Young was convicted of armed robbery in June of 1961. He did not take a direct appeal from his conviction. Nearly thirty years later, Young sought leave to file a belated appeal. The Kentucky Court of Appeals denied his motion and the Kentucky Supreme Court denied discretionary review. This petition for a writ of habeas corpus followed. The case was submitted to the district court which reasoned that Young's petition must be dismissed on grounds of laches.
 
 
 3
 Upon review, we find no error. Rule 9(a) of the Rules Governing § 2254 Cases provides that a petition for habeas relief may be dismissed as "delayed" if the petitioner waits a considerable time to file his action. This court has examined the "delayed" petition problem and has established a two-pronged test for the application of the doctrine of laches. Davis v. Adult Parole Authority, 610 F.2d 410, 414 (6th Cir.1979). The test requires that the state must appear to have been prejudiced in its ability to respond to petitioner's claims and that the petitioner be allowed to meet or rebut the apparent prejudice to the state, or to show that whatever prejudice the state has suffered would not have been avoided had the petition been filed earlier.
 
 
 4
 In this case, Young's nearly three decade delay in challenging his conviction clearly prejudiced the state's ability to respond to his claims. The trial judge and defense counsel are dead, and a transcript is no longer available. See Baxter v. Estelle, 614 F.2d 1030 (5th Cir.1980), cert. denied, 449 U.S. 1085 (1981). Second, Young was afforded the opportunity to rebut the apparent prejudice to the state, but failed to show how the prejudice the state suffered by the delay would not have been avoided had he filed his petition earlier.
 
 
 5
 Accordingly, the order of the district court is hereby affirmed for the reasons set forth in the district court's memorandum opinions dated September 16, 1992, and March 30, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Frank M. Coffin, Senior Circuit Judge, United States Court of Appeals for the First Circuit, sitting by designation